NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AZUCENA LOPEZ CEDILLO,  Petitioner,  v.  MERRICK B. GARLAND, Attorney General,  Respondent. | No.   19-71758  Agency No. A079-786-754  MEMORANDUM[*] |

On Petition for Review of an
Immigration Judge's Decision

Submitted June 2, 2022[**]

Before:     SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Azucena Lopez Cedillo, a native and citizen of Mexico, petitions for review

of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that

she did not have a reasonable fear of persecution or torture in Mexico and thus is

not entitled to relief from her reinstated removal order.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review an IJ's negative reasonable fear determination for substantial evidence.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).  We deny the petition for review.

Substantial evidence supports the IJ's determination that Lopez Cedillo failed to establish a reasonable possibility of persecution in Mexico on account of a protected ground.  *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the IJ's determination that Lopez Cedillo failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico.  *See Andrade-Garcia*, 828 F.3d at 836-37 (no reasonable possibility of torture with state action).

We reject as unsupported by the record Lopez Cedillo's contentions that the IJ violated her due process rights, committed errors of law, or otherwise erred in the analysis of her claims.

**PETITION FOR REVIEW DENIED.**